IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>LUKE J. SOULE,<br><br>                  Defendant. | **8:01CR257**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on defendant's motion for relief pursuant to 28 U.S.C. § 2255. Filing No. 29. Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. See 28 U.S.C. § 2255, Rule 4(b). The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.* The rules also provide that if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the court must dismiss the motion. *Id.*

The defendant entered a plea of guilty on December 6, 2001, Filing No. 15, and was sentenced on March 4, 2002, to 188 months on Count I and 120 months on Count II, to run consecutively. Judgment, Filing No. 23. He did not file a direct appeal. The defendant filed his motion to vacate on August 16, 2013. Filing No. 29. In his § 2255 motion, the defendant alleges that his counsel was ineffective for advising him to plead guilty to Counts I and II, so that Count III could be dismissed. He argues he did not

knowingly and voluntarily enter into his guilty plea, due to ineffective assistance of counsel, and claims that his attorney failed to inform him that he was being enhanced as a career offender. Defendant further claims that counsel misinformed him of a life sentence on Count III, when in fact his maximum sentence for Count III was not a life sentence but a 15-year sentence.

On initial review, the court finds that it plainly appears that the defendant is entitled to no relief. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, provides in part that:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The court finds the statute of limitations clearly prohibits the filing of a § 2255 action in this case under any of these criteria. Accordingly, the court finds the motion pursuant to 28 U.S.C. § 2255 is denied.

THEREFORE, IT IS ORDERED that on initial review, the court finds that summary dismissal is appropriate, and plaintiff's motion pursuant to 28 U.S.C. § 2255, Filing No. 29, is denied.  A separate judgment will be entered in conjunction with this Memorandum and Order.

Dated this 2nd day of October, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge