IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>LUKE J. SOULE,<br><br>    Defendant. | 8:01CR257<br><br>AMENDED<br>MEMORANDUM AND ORDER |

  This matter is before the Court on defendant's motions for compassionate release, Filing No. 33 and Filing No. 37. The Defendant seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Defendant has filed his request for release with the prison system, and his request for compassionate release was denied by the warden of FCI Sandstone. The Court additionally appointed the Public Defender's office to represent defendant and requested that the United States Probation Office review the plan of home detention. The probation office has filed the investigation report indicating that the suggested home confinement is unacceptable, if the Court chooses to grant the motion for compassionate release. The government has responded in opposition to the motion. Filing No. 44.

  On December 6, 2001, Mr. Soule was sentenced by this Court to 308 months in prison to be followed by five years of supervised release for bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count I); use of a firearm in connection with the robbery in

1

violation of 18 U.S.C. § 924(c)(1)(B)(i) (Count II); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count III).  Filing No. 6.  On December 6, 2001, Soule pleaded guilty to Counts I and II of the Indictment.  Filing No. 15.

The probation office has filed the investigation report indicating that defendant submitted a plan for home confinement.  However, the person that defendant proposes to live with has a criminal history and three outstanding warrants.

**DISCUSSION**

The First Step Act amended numerous provisions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration.  Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019).  Congress designed the provision at issue here, 18 U.S.C. § 3582(c)(1)(A), for "Increasing the Use and Transparency of Compassionate Release."  18 U.S.C. § 603(b), 132 Stat. at 5239.  Section 3582(c)(1)(A) allows defendants, for the first time, to petition district courts directly for compassionate release.  *Id.*  Compassionate release provides a path for defendants with "extraordinary and compelling reasons" to leave prison early. § 3582(c)(1)(A)(i). Such a sentence reduction must comply with the 18 U.S.C. § 3553(a) factors and "applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting his or her administrative remedies) move for reduction of his or her term of imprisonment based upon "extraordinary and compelling reasons."  The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a)[1], may grant the motion

---

[1] The statute states: (1) in any case--

if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.² Accordingly, an initial review of the defendant's claim will involve these inquiries:

1. Has the defendant exhausted administrative remedies?
2. Has the defendant identified extraordinary and compelling reasons for reducing his or her term of imprisonment?
3. Would application of the § 3553(a) factors permit reducing the defendant's sentence if those extraordinary and compelling reasons were substantiated?
4. Ensure that any reduction is consistent with applicable policy statements.

18 U.S.C. § 3582(c)(1)(A).

Already "tinderboxes for infectious disease," prisons now are even more dangerous than we typically accept. *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *1 (E.D. Pa. Apr. 1, 2020). The Attorney General has directed the BOP to consider increased use of home confinement for at-risk inmates.

---

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
(i) extraordinary and compelling reasons warrant such a reduction; . . .
***** and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(1)(A).

Memorandum from U.S. Att'y Gen. William Barr to Dir. of Bureau of Prisons (Mar. 26, 2020).

### A. Exhaustion

The Court finds that the defendant has met the exhaustion requirement. *See United States v. Brown*, __ F.Supp.3d __, 2020 WL 2091802, at *5 (S.D. Ia. Apr. 29, 2020) ("Defendant . . . satisfied the exhaustion requirement's text and purpose [when] [h]e gave the BOP the first chance to review his circumstances and let thirty days pass before proceeding to court."). Defendant filed such a motion with the BOP and 30 days have elapsed.

### B. Medical Vulnerability

Next, the Court finds that defendant's physical and medical vulnerability to COVID-19 are not an extraordinary and compelling reason for a change in defendant's sentence. *See* e.g., U.S.S.G. § 1B1.13 comment n.1(A)-(C). As Judge Gerrard recently observed in Jenkins, there is currently "no 'applicable' policy statement cabining the Court's discretion to act under § 3582(c)(1)(A)." *United States v. Jenkins*, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020); *see also United States v. Redd*, 2020 WL 1248493, at *5 ( E.D. Va. March 16, 2020) ("there does not currently exist, for the purposes of satisfying the First Step Act's 'consistency' requirement, an 'applicable policy statement.'"); *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019) (canvassing cases and holding that courts, rather than the outdated policy statements, should determine whether a defendant qualifies for compassionate release); *United States v. Beck*, 425 F. Supp.2d 573, 579 (M.D.N.C. June 28, 2019) ("While the old policy statement provides helpful guidance, it does not constrain the Court's

independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i).").

COVID-19 is clearly a global pandemic that presents extraordinary and compelling release for certain prisoners.  It is unprecedented.  COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. These include a compromised immune system, obesity, heart disease, hypertension, chronic lung disease, diabetes mellitus, and asthma. Groups at Higher Risk for Severe Illness, Ctrs. for Disease Control & Prevention (April 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

Defendant contends he has pre-existing medical issues that place him at significant risk of a life- threatening illness if he remains incarcerated.  Filing No. 39, at 2-7.  He indicates he has a heart murmur; has cancer that is remission; and has latent TB.  The probation office states that he might also have Myopia, an eye disease.

The Court agrees that defendant does not have significant medical reasons so as to justify his release.  Defendant's medical conditions are not listed as those that will likely increase his risk or severity regarding COVID-19.  Neither his heart murmur nor his cancer in remission are listed by the CDC as a greater risk for severe illness from COVID-19.  With regard to the TB, the CDC website states: "TB patients who are at least 65 years old; have respiratory compromise from their TB; or other medical conditions, including HIV and other immunocompromising conditions, are at greater risk for severe COVID-19 infection." Centers for Disease Control and Prevention, "Tuberculosis and Public Health Emergencies",

https://www.cdc.gov/tb/education/public-health-emergencies.htm (accessed July 21, 2020).  Whether "people with tuberculosis are likely to be at increased risk of COVID-19 infection, illness and death," the World Health Organization has responded that "experience on COVID-19 infection in tuberculosis (TB) patients remains limited," and acknowledges only that "it is anticipated that people ill with both TB and COVID-19 may have poorer treatment outcomes, especially if TB treatment is interrupted."  World Health Organization, Q&A: Tuberculosis and COVID-19, https://www.who.int/news-room/q-a-detail/tuberculosis-and-the-covid-19-pandemic. Further, with regard to latent TB, the CDC says latent TB is different than active TB.  See Centers for Disease Control and Prevention, "The Difference Between Latent TB Infection and TB Disease," https://bit.ly/2Vha7EJ.  Defendant also might suffer from Myopia.  If so, there is still no evidence presented that Myopia would lead to any increased risk.

The defendant does not appear to fall into any "high risk" category with regard to COVID-19.

### C.  Section 3553(a) Factors

Finally, the Court must consider if compassionate release comports with any Applicable § 3553(a) factors. See also § 3582(c)(1)(A).  When reviewing the § 3553(a) relevant factors, the balance of those factors does not support a sentence of home confinement.

According to BOP records, Mr. Soule has completed several educational courses to include the following: two Spanish courses, a keyboarding course, a Microsoft Word class, and a soldering class.  Mr. Soule has one BOP disciplinary report from February

14, 2003, for failing to work as instructed. During his time at FCI Sandstone, he has remained free and clear of any violation conduct.

The Court agrees that defendant does not qualify for a sentence reduction under Section 3582(c)(1)(A). The Court notes that defendant has a violent criminal history, and he is likely to recommit if released in the community. The Court believes he is potentially a danger to the safety of any other person or to the community. He used a stolen, sawed off shot gun during the bank robbery; he has been convicted of several violent crimes (PSR ¶¶49-53).

Further, the Court notes that the probation officer contacted defendant's case manager and determined that his proposed home confinement includes living with his niece. She has a criminal history and three active arrest warrants. The probation officer suggested to the case manager that defendant should find an alternative release plan. As of this date, the officer has not received any new information on a release plan for the defendant. Thus, no solid release plan is in place. Even if there was a suitable release plan the Court is not inclined to grant the defendant's request due to nature of the defendant's criminal history.

THEREFORE, IT IS ORDERED THAT Defendant's motions for compassionate release, Filing No. 33 and Filing No. 37, are denied.

Dated this 27th day of August, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge